THOMPSON, Judge.
The employer/carrier (E/C) appeal a compensation order contending there is no competent substantial evidence to support the deputy’s finding that the claimant sustained a loss of wage earning capacity.
The claimant injured her back in a com-pensable accident on January 6, 1978. Her treating physician found that the claimant had reached maximum medical improvement (MMI) on May 15, 1980 and had sustained a five to ten percent permanent partial impairment. The E/C paid temporary total disability (TTD) benefits to May 15, 1980 and paid ten percent permanent partial disability (PPD) benefits. In his order, the deputy found that under the circumstances the claimant made a satisfactory work search and was entitled to 55% PPD benefits based on loss of wage earning capacity. The deputy specifically found that the claimant had worked at Redi-Nurse, had applied for a job at Lum’s Restaurant, and had worked at several other places.
In order to constitute a proper basis for an award based on loss of wage earning capacity, the claimant’s work search must take place after she reaches MMI. Exxon Co. v. Alexis, 370 So.2d 1128 (Fla.1978). The record in this case reveals that all the jobs which claimant actually attempted to perform were obtained prior to MMI, including the job at Redi-Nurse which was specifically referred to by the deputy in his order. The record does not show that she applied for any jobs after she reached MMI with the exception of the job at Lum’s which, by her own testimony, was not within her capabilities, and with the possible exception of a job at a convenience store which again, by her own testimony, was not within her capabilities. She admitted making no work search whatsoever between September 1980 and March 20, 1981, the date of the final hearing. Her physical limitations are not such as would justify excusing her from an adequate work search.
*760 The deputy’s finding that the claimant sustained a 55% loss of wage earning capacity is wholly unsupported by competent substantial evidence.
REVERSED.
MILLS, J., concurs.
WENTWORTH, J., dissents.